**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EKATERINA SHULDYAKOVA, | No. 07-73223 |
| Petitioner, | Agency No. A079-156-675 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2009 [**]
Pasadena, California

Before: HALL and TALLMAN, Circuit Judges, and LAWSON, [***] District Judge.

Ekaterina Shuldyakova, a native and citizen of Russia, petitions for review of

a Board of Immigration Appeals ("BIA") decision upholding an Immigration Judge's

("IJ") denial of her applications for asylum, withholding of removal, and protection

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

under the United Nations Convention Against Torture ("CAT"). Shuldyakova claims that she fears persecution if returned to Russia because of her association with her family and her father's high-profile political activity. The IJ denied relief concluding that Shuldyakova failed to meet her burden of proving past persecution or a well-founded fear of future persecution. The BIA affirmed without opinion. After we remanded the matter on the government's uncontested motion, the BIA rejected Shuldyakova's claim in a written opinion. Shuldyakova filed a timely petition for review.

We review the agency's factual findings for substantial evidence, upholding them unless the evidence in the record compels a contrary result. *Mihalev v. Ashcroft*, 388 F.3d 722, 724 (9th Cir. 2004). We find that substantial evidence supports the IJ's and the BIA's denial of the asylum application.

First, substantial evidence supports the IJ's and BIA's finding that the mistreatment Shuldyakova described did not rise to the level of persecution. The sole physical encounter involving the petitioner personally was the nighttime attack in the park, which the petitioner characterizes as a foiled rape attempt. The assailant remains unknown, as does the connection to any of the petitioner's or her father's political activity. The assailant's oblique reference to the petitioner's father could support an inference that the attack was connected to the father's political activity, but the

evidence certainly does not compel such an inference. Although the event understandably upset the petitioner, she was not physically harmed, and the attack was not part of a pattern of abuse that amounted to persecution.

The petitioner never reported the incident to the police, arguing here that she could have no confidence in official assistance due to her father's activity. However, she alleges no facts supporting her conclusion that an attempt to obtain official help would have been futile or dangerous. She does aver that *some* of the personnel in the entities sued by her father were high-ranking officials within the government. But their connection to the police is far from clear, and the petitioner's belief of official inaction is speculative. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to subjective belief that police would do nothing did not establish that government was unwilling or unable to control persecutors, as required under 8 C.F.R. § 208.13(a)).

There is no evidence that the university dean's refusal to cooperate in changing the petitioner's examination schedule was motivated by the petitioner's family ties or political activities. The petitioner apparently believes the dean singled her out for unfair treatment, but we are not convinced that the conduct even amounted to harassment, and the petitioner has not provided any evidence of how her comparators were treated. No past persecution has been shown.

Second, Shuldyakova has not established a well-founded fear of future persecution within the meaning of 8 C.F.R. § 1208.13(b)(2)(i). She points to the incidents involving her father, her mother and her father's associates. However, there is no evidence that the conduct directed toward the petitioner's father – other than the arrests – was officially sponsored. The arrests themselves do not amount to "the infliction of suffering." There is no evidence that the incidents involving Shuldyakova's mother or her father's two colleagues were related to each other or to her father's activities, or that any of them were carried out at the direction of individuals connected to or within the government. Even when considered in the aggregate, the evidence presented by the petitioner fails to establish the severe and persistent pattern of persecution necessary to entitle an applicant to asylum relief. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (demanding repeated, lengthy, and severe harassment in order to be able to *compel* the conclusion that the IJ and the BIA erred in rejecting the claim of asylum). Finally, the activities of the petitioner and her family appear to be focused on the locality of the Chelyabinsk District. The petitioner has not explained why she could not relocate to another part of her own country as a way of avoiding the consequences of her family ties and her father's political activity. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B).

Because the IJ's and BIA's decision that the petitioner has not shown past persecution or a well-founded fear of future persecution is supported by substantial evidence, the petitioner cannot show that she is a refugee and therefore eligible for asylum or the more stringent requirements of withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). The petitioner does not seriously contend that she will be tortured upon her return to Russia, and therefore she is not eligible for relief under the CAT. Therefore, her petition is **DENIED**.